

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN 11

GROVER SELLERS
ATTORNEY GENERAL

Honorable H. D. Dodgen, Executive Secretary
Game, Fish and Oyster Commission
Austin, Texas

Dear Sir:                                   Opinion No. O-7134

                                            Re:  Authority of the Game, Fish and
                                                 Oyster Commission under the pres-
                                                 ent appropriation bill to pur-
                                                 chase a large boat for the pur-
                                                 pose of enforcing the fish and
                                                 oyster laws in the coastal area.

        In your letter of March 7, 1946, you request the opinion
of this Department as to whether the purchase of a large boat, to
cost approximately $20,000, for the purpose of enforcing the fish
and oyster laws in the coastal areas of Texas, is authorized under
the current appropriation bill. We quote your letter in part:

        "Your attention is called to the fact that Sec-
    tion 10 of Article 934b-1, P. C. 1925, as amended,
    Acts 1945, Reg. Ses., 49th Legislature, p. 78, ch. 55,
    directs the Game, Fish and Oyster Commission to keep
    and maintain a suitable boat for the purpose of en-
    forcing the provisions of that Act.

        "A boat suitable for this work is required to be
    one of approximately 55 feet in length and of such width
    and horsepower as to be capable of going into the Gulf
    of Mexico and intercepting the large shrimp boats en-
    gaged in shrimping in the Gulf waters within the juris-
    diction of this State."

You have further informed us that the contemplated purchase is to be
made by the Board of Control for the Game, Fish and Oyster Commission,
and to be paid for out of the Fish and Oyster Fund.

        Article 934b-1 of the Penal Code, as amended, provides for
the licensing of "Non-Resident Commercial Fishermen" and "Non-Resident
Commercial Fishing Boats", provides penalties for violations of its
provisions, provides that all moneys collected under its provisions

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

shall be deposited to the credit of the Fish and Oyster Fund, and (in the section referred to by you) that:

"The Game, Fish and Oyster Commission of Texas shall keep and maintain a suitable boat for the purpose of enforcing the provisions of this Act."

The current appropriations to the Game, Fish and Oyster Commission are contained in Acts of the 49th Legislature, Regular Session, Chapter 378, which provides in part as follows:

"Section 1. That the several sums of money herein specified or so much thereof as may be necessary, are hereby appropriated out of any moneys in the State Treasury not otherwise appropriated, or out of special funds as may be shown, for the support and maintenance of the several departments and agencies of the State Government for the two year period beginning September 1, 1945, and ending August 31, 1947."

"* * *

"GAME FISH AND OYSTER COMMISSION

|  | For the Years Ending |  |
|---|---|---|
|  | August 31, 1946 | August 31, 1947 |

"* * *

'GAME DIVISION
(Out of Special Game Fund)

'* * *

| "30. Equipment Field--Motor Boats, Trucks, Nets and Seines... | 2,500.00 | 2,500.00 |

"* * *

"COASTAL DIVISION
(Out of Fish and Oyster Fund)

"* * *

| "73. Exchange and replacement of Boats... | 4,750.00 | 4,750.00 |

"* * *

"The foregoing specific amounts, or so much thereof as may be used, are hereby appropriated for the purposes above enumerated and shall be paid out of either the Special Game Fund, the Special Fish Propagation and Protection Fund, the Medina Lake Fund, the Fish and Oyster Fund, the Lake Worth-Eagle Mountain Lake Fund, or the Sand, Shell and Gravel Fund, and all money to the credit of these special funds on hand in the State Treasury on September 1, 1945, together with the current revenues

to be derived and placed to the credit of these special funds during the next ensuing two years ending August 31, 1947, are hereby appropriated and may be used for the performance of the duties and functions of the Game, Fish and Oyster Commission in preserving, protecting and increasing the supply of wild birds, wild animals, fish and other edible aquatic animals of this State. <u>Any amount herein specifically appropriated that is not used for the purpose for which it is appropriated, or which is in excess of the amount required for the purpose for which it is hereby appropriated, together with any money in excess of the amount herein appropriated that is placed to the credit of these funds during the biennium ending August 31, 1947, may be used to supplement the performance of purposes for which money is herein appropriated."</u> (Emphasis added)

Article 4030, Vernon's Revised Civil Statutes of Texas, provides:

"Art. 4030. Fish and oyster fund
"All funds collected by the Game, Fish and Oyster Commission from the sale of commercial fishermans' licenses, fish dealers licenses, taxes on fish, crabs, oysters and shrimp, and all other taxed marine life, and all fines and penalties collected for any infraction of any laws relating to commercial fishermen, shall be placed in the State Treasury to the credit of a fund to be known as 'Fish and Oyster Fund' and, together with the money now to the credit of this fund, is hereby appropriated and shall be used by the Game, Fish and Oyster Commissioner in the enforcement of the fish and oyster laws of this State, and in the dissemination of useful information pertaining to the economic value of fish and oyster marine life; the making of scientific investigations and surveys of the principal sea food fishes and marine life for purpose of the better protection and conservation of same, the propagation and distribution of sea food fishes, oysters, and other marine life; the purchase, repair and operation of boats and the employment of deputies to carry out and enforce the provisions of this Act. Acts 1925, 39th Leg., p. 446, ch. 178, § 2."

Honorable H. D. Dodgen, page 4

The office of Game, Fish and Oyster Commissioner was abolished, and his powers and duties conferred on the Game, Fish and Oyster Commission by Vernon's Revised Penal Code, Art. 978f.

It is the opinion of this Department that, under the provisons of the current appropriation bill above quoted, the purchase of a motorboat such as that described by you for use in enforcing the fish and oyster laws of this State, and particularly for use in enforcing said Article 934b-1 of the Penal Code, and payment for said boat out of available funds in the Fish and Oyster Fund, is authorized upon the following conditions:

1. That there be on hand in said Fish and Oyster Fund, at the time of such purchase and payment, enough money, in excess of the amounts required for other purposes for which appropriations have been made from said fund, to pay the purchase price of said boat;

2. That the type and character of boat purchased be such as is reasonably necessary for the purposes for which it is to be used, and that the price paid for it be not more than the fair and reasonable market value thereof.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By W. R. Allen

W. R. Allen
Assistant

APPROVED MAR 12, 1946

FIRST ASSISTANT
ATTORNEY GENERAL

WRA/JCP



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN